**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **BRYSON CLOON,** <br><br> **Plaintiff,** <br><br> v. <br><br> **SYNCHRONY FINANCIAL AND SYNCHRONY BANK,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 23-2078-HLT-KGG |

**MOTION TO AMEND**

Plaintiff respectfully moves this Court to permit Plaintiff to amend his previously-filed Petition, now Complaint, to include the following claims:

**Punitive Damages**

Plaintiff filed his Petition against the Defendants in state court. In Kansas state court, a claim for punitive damages is prohibited at the initial filing pursuant to KSA 60-3703. Defendants removed this case to federal court on February 24, 2023.

In *Wenner v. Bank of America, NA, 637 F. Supp. 2d 944*, a Kansas District Court case, the Court stated that motions to amend in federal court are governed by FRCP 15 and such leave shall be freely given when justice so requires. In this case, Plaintiff's claim for punitive damages is justified at this time.

In the federal district court case of *Metcalf v. Beverly Health & Rehabilitation Services, Inc., 32 F. Supp. 2d 1307 (1999),* the U.S. District Court for the Northern District of Florida noted that Florida Statutes required a submission of evidence before pleading a claim for punitive damages. The Court ruled that the Federal Rules of Civil Procedure, not state law, set

forth the pleading rules applicable in federal court. Similarly, Kansas statutory law does not control how or when claims may be made in federal court. Plaintiff's Motion to Amend his pleadings to allow a claim for punitive damages should be sustained.

**15 U.S. Code Section 1693h-Liability of Financial Institutions**

Plaintiff requests to amend the Complaint to include violations of Chapter 41 of U.S. Code Title 15, Chapter 41, Subchapter VI based on the provisions of FRCP 15 (a).

**Proposed Amended Complaint attached.**

Respectfully Submitted,

Bryson R. Cloon, No. 08860
11609 Manor Rd.
Leawood, KS 66211
913-717-5902 (direct dial)
913-530-9022 (mobile)
bryson@cloonlaw.com

## CERTIFICATE OF SERVICE

Plaintiff certifies that he served this pleading electronically this 17th day of April, 2023 to the following counsel of record:

ecipra@sandbergphoenix.com

Bryson R. Cloon

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BRYSON CLOON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 23-2078-HLT-KGG |
| | ) | |
| SYNCHRONY FINANCIAL | ) | |
| & SYNCHRONY BANK, | ) | |
| | ) | |
| Defendants | ) | |

**AMENDED COMPLAINT**

**PARTIES**

1. Plaintiff is a citizen and resident of the State of Kansas.

2. Defendants are believed to be Delaware corporations.

**JURISDICTION AND VENURE**

3. This Court has jurisdiction and venue pursuant to 28 U.S.C. Section 1332, in that the amount in controversy exceeds $75,000 and Plaintiff is a citizen of a state which is different from the state where Defendants are incorporated. Venue is proper pursuant to 28 U.S.C. Sections 1391 (a) and (c).

**FACTS**

4. Plaintiff responded to a website solicitation from Defendants to open a high yield savings account on December 23, 2022, and provided information for his personal checking account to transfer an initial deposit of $40,000 to Synchrony Bank. Said account was confirmed in an email of 12/26/22.

5. In an email on 12/28/22, Synchrony Bank confirmed receipt of the initial deposit.

6. On 1/12/23, Plaintiff requested a transfer to his personal account to pay remaining income taxes due 1/17/23.

7. On Synchrony's website, it states that transfers will be completed within three days. Despite this representation, Plaintiff received an email on 1/12/23 confirming the requested transfer, but identified a delivery date of 1/18/23, twice the advertised representation in violation of the Kansas Consumer Protection Act. This delivery date would not allow timely payment of income taxes.

8. On Sunday, 1/15/23, Plaintiff received five emails from Synchrony stating the following:

- your access to the funds transfer service has been suspended
- your Synchrony Bank account has been suspended
- your $12,000 transfer could not be deposited
- your Metcalf Bank account has been suspended from using the funds transfer service

9. Each of said emails advised Plaintiff to call a Banking Representative at 1-866-226-5638 to request that these suspensions be removed. Plaintiff called the number, but was advised customer service was closed in a recorded message. Plaintiff called the following day and received a recording advising that customer service was closed in observance of Martin Luther King day.

10. Concerned about the status and lack of funds transfer, Plaintiff went to Defendants' website and initiated a contact form explaining the situation and requesting what needed to be done to correct this mistake. Plaintiff received an email response the following day,

1/17/23, advising Plaintiff to click on a link to view a secure message. Plaintiff did so and a message popped up stating "We are unable to complete your request, please contact us at 1-844-822-5915."

11. Plaintiff immediately called the number and waited on automated hold for 15 minutes before a representative answered the call. After explaining the situation, the representative advised that she was putting Plaintiff on hold so she could check the account. Ten minutes later, the representative came back on the line and explained she needed to transfer the call to a banking supervisor and the current hold time was five to ten minutes.

12. After considerable time on hold, a banking supervisor came on the line and said she could not explain why Plaintiff's account could not be accessed, only that the account was restricted. Plaintiff pressed this supervisor about access to his funds and how long would this take. Plaintiff was advised by this supervisor that she could not provide any other information and restricted accounts usually take up to sixty days for review. Plaintiff expressed extreme dissatisfaction that he had no access to his own funds and the supervisor stated that nothing more could be done and Plaintiff could not have any access to his funds. Plaintiff then pressed the supervisor for her name and whether this phone call was being recorded. The supervisor refused to give her full name, but did say her first name was Tiffany and her employee identification number was 30997. The supervisor confirmed that the call was being recorded and she then hung up.

13. Defendants' actions amounted to numerous violations of the Kansas Consumer Protection Action, K.S.A. 50-623. Defendants committed numerous deceptive acts and practices in violation of K.S.A. 50-626. Defendants committed numerous unconscionable acts and practices in violation of K.S.A. 50-627. Defendants' conduct entitles Plaintiff to a $10,000 civil penalty for each violation.

14. Plaintiff seeks attorneys fees for all time expended in this action as provided by K.S.A. 50-634(e).

15. Defendants committed fraud for which Plaintiff seeks damages in excess of $75,000.

16. Defendants' conduct was outrageous and abusive for which Plaintiff seeks damages in excess of $75,000.

17. Plaintiff has a possessory interest in the property that Defendants' unlawfully interfered with and detained thereby committing conversion for which Plaintiff seeks damages in excess of $75,000.

18., Based on Defendants' conduct, Plaintiff seeks punitive damages.

19. Defendants are financial institutions and subject to 15 U.S. Code Chapter 41 and have violated Section 1693h (a), in failing to make electronic transfers in a timely manner thereby subjecting Defendants to civil penalties and attorney fees as provided in Section 1693m.

Wherefore, Plaintiff seeks damages of $10,000 for each violation of the Kansas Consumer Protection Act, attorney fees pursuant to K.S.A. 50-624(e), damages in excess of $75,000 for fraud, outrageous conduct and conversion, punitive damages, and civil penalties for violations of Section 1693h, attorney fees and civil penalties as provided for in 1693m, and such other relief as the Court deems just.

Respectfully Submitted,

CLOON LAW FIRM

Bryson R. Cloon
11609 Manor Rd.
Leawood, KS 66211
913-717-5902 ( direct dial)
913-530-9022 (cell)
913-392-7121 (fax)
bryson@cloonlaw.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFCATE OF SERVICE**

Plaintiff certifies that he served the pleading electronically this 17th day of April, 2023, to the following counsel of record:

ecipra@sandbergphoenix.com

Bryson R. Cloon